United States Bankruptcy Court
Eastern District of New York

In re:  
Susan L Martin  
    Debtor

Case No. 13-41785-ess  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0207-1     User: admin     Page 1 of 1     Date Rcvd: Sep 05, 2013  
                               Form ID: 262     Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 07, 2013.
```
db          +Susan L Martin,    2 Elmwood Park Drive,   Apartment 222,    Staten Island, NY 10314-7526
smg         +NYC Department of Finance,    345 Adams Street, 3rd Floor,    Attn: Legal Affairs - Devora Cohn,
              Brooklyn, NY 11201-3719
smg         +NYS Department of Taxation & Finance,    Bankruptcy Unit,    PO Box 5300,    Albany, NY 12205-0300
smg         +NYS Unemployment Insurance,    Attn: Insolvency Unit,    Bldg. #12, Room 256,
              Albany, NY 12240-0001
7981906     +Foxwood Square Condominium II,    C/O Island Condo Management Corp.,    57 Beach Street, 4th Floor,
              Staten Island, NY 10304-2701
7981907     +Henry Daley,    1 Cross Island Plaza,    Rosedale, NY 11422-1416
7981909     +LR CREDIT 14, LLC,    C/O Mel S. Harris & Associates LLC,    5 Hanover Square, 8th Floor,
              New York, NY 10004-2752
7981910     +Martin Bienstock,    36-35 Bell Boulevard,    Bayside, NY 11361-2097
7981911     +Melvin Moses,    116 John Street, 15th Floor,    New York, NY 10038-3305
7981915     +Ronald Moses,    111 John Street, Suite 500,    New York, NY 10038-3012
7981916     +Sharinn & Lipshie PC,    333 Earle Ovington Blvd, Suite 302,    Uniondale, NY 11553-3693
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg         +E-mail/Text: ustpregion02.br.ecf@usdoj.gov Sep 05 2013 18:15:33      United States Trustee,
              Office of the United States Trustee,    271 Cadman Plaza East,    Brooklyn, NY 11201-1833
8021961     +EDI: ATLASACQU.COM Sep 05 2013 18:13:00      Atlas Acquisitions LLC,    294 Union St.,
              Hackensack, NJ 07601-4303
7981905     +EDI: WFNNB.COM Sep 05 2013 18:13:00      Comenity Bank/mandee,    995 W 122nd Ave,
              Westminster, CO 80234-3417
7981908      EDI: HFC.COM Sep 05 2013 18:13:00      Hsbc Bank,    Pob 4604,    Buffalo, NY  14240
7981912     +EDI: MID8.COM Sep 05 2013 18:13:00      Midland Funding,    8875 Aero Dr,
              San Diego, CA 92123-2255
7981913     +EDI: MID8.COM Sep 05 2013 18:13:00      Midland Funding LLC,    8875 Aero Drive, Suite 200,
              San Diego, CA 92123-2255
7981914     +E-mail/Text: NYCMarshal22@yahoo.com Sep 05 2013 18:14:06      Richard Capuano,
              62-59 Woodhaven Blvd,    Rego Park, NY 11374-3731
                                                                                              TOTAL: 7

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 07, 2013                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 5, 2013 at the address(es) listed below:
```
              Kevin B Zazzera    on behalf of Debtor Susan L Martin kzazz007@yahoo.com
              Lori Lapin Jones    ljones@jonespllc.com, lljones@ecf.epiqsystems.com
              United States Trustee    USTPRegion02.BR.ECF@usdoj.gov
                                                                                             TOTAL: 3
```

**Form BLdfnld7** (12/01/2007)

# United States Bankruptcy Court

Eastern District of New York
271−C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201−1800

---

IN RE:                                                                                   CASE NO: 1−13−41785−ess

   Susan L Martin

   2 Elmwood Park Drive
   Apartment 222
   Staten Island, NY 10314
 Name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address.

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.:                      CHAPTER: 7

   xxx−xx−3350
               DEBTOR(s)

---

## DISCHARGE OF DEBTOR(S)
## ORDER OF FINAL DECREE

A petition under title 11, United States Code was filed by or against the Debtor(s) on March 28, 2013; an order for relief was entered under Chapter 7; no order denying a discharge has been granted.

It appearing that the debtor(s) is entitled to a discharge and the estate of the above named debtor(s) has been fully administered.

**IT IS ORDERED**:

- The debtor(s) is granted a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code).

- Lori Lapin Jones (Trustee) is discharged as trustee of the estate of the above−named debtor(s) and the bond is cancelled.

- The Chapter 7 case of the above−named debtor(s) is closed.

BY THE COURT

Dated: September 5, 2013                           s/ Elizabeth S. Stong
                                                     United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**Form BLdfnld7**(12/01/2007)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**